Filed 6/5/15  P. v. Johns CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061814 |
| v. | (Super.Ct.No. FWV1302301) |
| ANDREA ANN JOHNS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Stanford E. Reichert, Judge.  Affirmed.

John R. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Andrea Ann Johns was charged by felony complaint with resisting a peace officer (Pen. Code, § 69, count 1),[1] battery with injury on a peace officer (Pen. Code, § 243, subd. (c)(2), count 2), and being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a), count 3). As to counts 1 and 2, it was alleged that defendant personally inflicted great bodily injury upon the officer. Pursuant to a plea agreement, defendant pled no contest to count 1. On August 15, 2013, in accordance with the plea agreement, a trial court placed defendant on probation for three years and dismissed the remaining counts and allegations. The court did not order restitution at that time, but reserved the issue and set a hearing for September 12, 2013. The prosecution filed a restitution brief, requesting restitution in the amount of $102,075.81. The restitution hearing was continued several times. Defendant subsequently admitted to violating her probation, and the court sentenced her to 16 months in county prison. A hearing was held on August 29, 2014, and the court ordered defendant to pay a total of $102,075.81 in victim restitution.

On appeal, defendant contends that the court erred in ordering her to pay the portion of victim restitution that included temporary disability payments. She claims that the victim had no actual economic loss in this regard, since the victim received the temporary disability payments in lieu of her wages. We affirm.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

FACTUAL BACKGROUND

While under the influence of controlled substances, defendant struck Officer Julleen Potts, knocking her into the street. Defendant continued to hit her. Officer Potts was able to get defendant on the ground, but defendant continued to struggle, swinging her arms around and kicking. Officer Potts was diagnosed with two herniated discs, which were protruding into her spinal cord. Her injuries required surgery.

ANALYSIS

The Trial Court Properly Ordered Defendant to Pay Restitution, Including the Amount
for Temporary Disability

Defendant argues that the court erred in ordering her to pay the portion of the victim restitution which included $85,462.31 in temporary disability payments. She claims that the temporary disability payments did not constitute an economic loss to Officer Potts, since they were "a substitute for the victim's wages and/or salary, which she would have received regardless of [defendant's] conduct." We conclude that the court properly ordered victim restitution in the full amount of the economic loss caused by defendant's criminal conduct.

A. *Procedural Background*

On July 18, 2013, defendant entered a plea agreement, which stated that she agreed to pay "actual restitution."

A sentencing hearing was held on August 15, 2013. Pursuant to the terms of the plea agreement, the court placed defendant on probation for three years. The court did not order restitution at that time, but reserved the issue and set a hearing.

3

On September 5, 2013, the prosecution filed a restitution brief. The brief stated that Officer Potts's injuries occurred as a result of defendant's conduct. The brief explained that Officer Potts had an indemnity insurance policy with the insured, the City of Montclair. As of August 8, 2013, the City of Montclair had paid out $102,075.81 in workers' compensation to Officer Potts under the policy. The brief referred to the probation officer's report, which specified that the City of Montclair had paid out $15,378.94 in medical expenses, $85,462.31 in temporary disability payments, and $1,234.56 in miscellaneous expenses. The prosecutor argued that defendant should not receive a benefit from the fortuity that Officer Potts was reimbursed for her medical expenses through workers' compensation by the City of Montclair, her employer. The prosecutor asserted that Officer Potts was the direct victim of the offenses defendant was charged with, and that her injuries occurred as a result of defendant's conduct. As the direct victim, she was entitled to be reimbursed for the full amount of her expenses.

On December 20, 2013, the court found defendant to be in violation of her probation. The court revoked her probation and sentenced her to county prison for 16 months.

On August 29, 2014, defendant filed an opposition to the prosecution's restitution brief, arguing that there were no claimed economic losses by Officer Potts, and that the City of Montclair was not a victim entitled to restitution.

4

The court held a restitution hearing on August 29, 2014. The prosecutor agreed that the City of Montclair[2] was not a victim, but argued that the situation was similar to that of a car accident, where restitution is ordered to the victim, and the victim pays the money back to his/her insurance company. She thus argued that restitution should be ordered for Officer Potts, who, in turn, would reimburse the City of Montclair. Defense counsel pointed out that the probation report did not state any economic loss to Officer Potts, and that defendant was not on probation, so restitution was not, and could not, be ordered as a term of probation. The prosecutor stated that restitution was never ordered in this case because defense counsel kept continuing the case in order to review the documents turned over to him. The prosecutor further asserted that Officer Potts was off of work for several months, due to defendant's actions; thus, Workers' Compensation paid her salary during that time. After hearing argument by counsel, the court noted that the City of Montclair paid for Officer Potts's medical bills, disability, and time off of work. The court ordered restitution in the amount of $102,075.81 to Officer Potts, and stated that what would happen to the money subsequently was "between [Officer] Potts and the City of Montclair."

B. *Standard of Review*

We review the trial court's restitution order for abuse of discretion. (*People v. Giordano* (2007) 42 Cal.4th 644, 663.)

---

[2] The record reflects that the prosecutor mistakenly asserted that the City of Upland paid Officer Potts's expenses.

C.  *The Court Properly Ordered Defendant to Pay Restitution in the Amount of the Temporary Disability Payments*

Section 1202.4, subdivision (a)(1), provides: "It is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime."  Section 1202.4, subdivision (f), provides: ". . . in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court.  If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court.  The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so and states them on the record."  Restitution orders can include payment for "[w]ages or profits lost due to injury incurred by the victim." (§ 1202.4, subd. (f)(3)(D).)

Here, it is undisputed that Officer Potts was injured as a result of defendant's conduct.  As a result of her injuries, Officer Potts became temporarily disabled and could not work.  Because she was unable to work, she received temporary disability payments in the amount of $85,462.31.  "The Workers' Compensation Act provides for temporary and permanent disability indemnity.  [¶]  'Temporary disability indemnity (termed TD or medical TD) is the basic benefit payable to a worker who is temporarily disabled due to industrial injury; it serves as a substitute for wages lost by the employee during the time

6

he or she is incapacitated from working.'" (*Edgar v. Workers' Comp. Appeals Bd.* (1998) 65 Cal.App.4th 1, 10.) In other words, the temporary disability payments were a substitute for Officer Potts's lost wages. (*Ibid*.) Thus, the court properly ordered restitution for the wages lost because of the injuries she incurred. (§ 1202.4, subd. (f)(d)(D).)

Defendant claims that "temporary disability payments are in lieu of the salary and/or wages that would have been paid to the victim regardless of any criminal conduct on appellant's part." She concedes that the temporary disability payments were a substitute for Officer Potts's lost wages, but then appears to claim that Officer Potts would have received the temporary disability payments, regardless of her criminal conduct. Defendant's claim is incorrect. Officer Potts received temporary disability as a result of her inability to work. She was unable to work because of the injuries sustained from defendant's criminal conduct. Officer Potts would not have otherwise received such payments.

To the extent defendant is arguing that there was no economic loss to Officer Potts since she received the temporary disability payments, we conclude that the court properly included the temporary disability payment amount in the restitution award. In *People v. Hove* (1999) 76 Cal.App.4th 1266 [Fourth Dist., Div. Two] (*Hove*), the victim of the defendant's crime (driving under the influence of a controlled substance) received medical treatment, the full cost of which was covered by Medicare and Medi-Cal. Although the court was advised "that there was no monetary loss to the family" because of this coverage, the trial court ordered the defendant to pay victim restitution of the total

costs that had been charged to the victim's Medi-Cal claims file. (*Id.* at p. 1269.) Applying the principles stated in *People v. Birkett* (1999) 21 Cal.4th 226 (*Birkett*), this court concluded that "the fortuity that the victim here was over age 65, and thus covered by Medicare, should not shield defendant from a restitution order which requires him to pay the full amount of the losses caused by his crime. Nor should the payment of medical bills by Medi-Cal allow defendant to escape responsibility for the losses he caused. As *Birkett* notes, the Legislature could rationally conclude that defendant should bear the burden of the medical costs of his victim, rather than society generally." (*Hove*, *supra*, 76 Cal.App.4th at p. 1272, fn. omitted.) We thus concluded that "the restitution order [was] proper *even though the victim had no direct economic losses*, and even though the victim could conceivably profit from recovering restitution if [the] defendant complies with the restitution order and if Medicare and/or Medi-Cal does not pursue reimbursement." (*Id.* at pp. 1272-1273, italics added.) This court further asserted that, "[i]n addition to compensating the victim, the restitution order [was] proper because of the value of such an order as a means of rehabilitating defendant and deterring defendant and others." (*Id.* at p. 1273.)

Consistent with *Hove*, *supra*, 76 Cal.App.4th 1266, we conclude that the trial court here properly included the $85,462.31 for the temporary disability payments in the restitution order. Section 1202.4, subdivision (f)(3)(D), provides that to the extent possible, the restitution order "shall be of a dollar amount that is sufficient to *fully* reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including" lost wages. (Italics added.) The fact that

8

Officer Potts had already received the lost wages through temporary disability payments is irrelevant for purposes of determining whether the victim suffered an economic loss. Section 1202.4, subdivision (f)(2), provides that "[d]etermination of the amount of restitution ordered pursuant to this subdivision shall *not* be affected by the indemnification or subrogation rights of a third party." (Italics added.) Defendant is "to pay the full cost of his crime, receiving no windfall from the fortuity that the victim was otherwise reimbursed." (*Birkett*, *supra*, 21 Cal.4th at p. 246.) In other words, the payment of temporary disability by the City of Montclair should not allow defendant to escape responsibility for the losses she caused. (*Hove*, *supra*, 76 Cal.App.4th at p. 1272.) Any restitution paid to Officer Potts would be subject to a reimbursement or subrogation claim by the City of Montclair. (See *ibid.*)

We further note that the restitution order was proper because it was a means of rehabilitating and deterring defendant. "A restitution order has objectives beyond simply indemnifying the victim. It also seeks to rehabilitate the defendant and deter defendant and others. [Citation.] 'Among other things, California's restitution law ensures that amends are made to society for a breach of the law, serves a rehabilitative purpose, and acts as a deterrent to future criminality.'" (*People v. Bernal* (2002) 101 Cal.App.4th 155, 161-162.)

We conclude that the court properly ordered defendant to pay victim restitution in the total amount of $102,075.81.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST          
                                                                                    J.

We concur:

RAMIREZ          
                                P. J.

CODRINGTON          
                                J.